# UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ALLEN KNABB,<br><br>              Plaintiff,<br><br>v.<br><br>UNITED FOOD AND COMMERCIAL WORKERS UNION, LOCAL 1776 KEYSTONE STATE; WENDELL W. YOUNG, IV, in his individual and official capacities; UNITED FOOD AND COMMERCIAL WORKERS UNION, PENNSYLVANIA WINE AND SPIRITS COUNCIL; MICHAEL NEWSOME, in his official capacity as Secretary of the Pennsylvania Office of Administration; BRIAN T. LYMAN, in his official capacities as Chief Accounting Officer for the Commonwealth of Pennsylvania and Deputy Secretary for the Office of Comptroller Operations,<br><br>              Defendants. | **Case No. 5:21-cv-4278**<br><br>(Hon. _____)<br><br>**COMPLAINT**<br><br>**Jury Trial Demanded**<br><br>--ELECTRONICALLY FILED-- |

AND NOW comes Plaintiff Allen Knabb, by and through his undersigned attorneys, and states the following claims for relief against Defendants United Food and Commercial Workers Union, Local 1776 Keystone State ("Local 1776"); Wendell W. Young, IV, in his individual and official capacities; Keystone State United Food and Commercial Workers Union, Pennsylvania Wine and Spirits Council ("UFCW Council")[1]; Michael Newsome, in his official capacity as Secretary of the Pennsylvania Office of Administration; and Brian T. Lyman,[2] in his official capacities as Chief

---

[1] Defendants Local 1776, UFCW Council, and Young will be referred to collectively as "UFCW Defendants," unless otherwise identified specifically by name.

[2] Newsome and Lyman are collectively referred to as "Commonwealth Defendants," unless otherwise identified specifically by name.

Accounting Officer for the Commonwealth of Pennsylvania and Deputy Secretary for the Office of Comptroller Operations, and avers as follows:

## SUMMARY OF THE CASE

1.      Despite Plaintiff's resignation from membership in Local 1776 nearly two years ago, Defendants continue to force him to pay dues from his wages. Therefore, he brings this civil rights action pursuant to 42 U.S.C. § 1983 for injunctive relief, declaratory relief, and monetary relief, to redress and to prevent the deprivation of rights, privileges, and/or immunities under the First and Fourteenth Amendments to the United States Constitution. This deprivation is caused by Defendants' contracts, policies, and practices, under color of state law, in which Defendants have and continue to have union dues or fees seized from Plaintiff's wages, even though he is a nonmember public employee who objects to financially supporting UFCW Defendants.

2.      In so doing, Defendants have acted under the color of state law, specifically, the state's Public Employe Relations Act ("PERA"), 43 P.S. §§ 1101.101–1101.2301, the collective bargaining agreements between the Commonwealth and UFCW Council, and/or other state or local authority and are therefore state actors.

3.      Defendants' concerted conduct violates Plaintiff's First and Fourteenth Amendment rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience.

4.      Additionally, Defendants are acting in concert, by and through their agents and officials, to deduct and to accept union dues or fees from Plaintiff's wages without providing him any meaningful notice or opportunity to object to the ongoing deductions, the process by which the money is deducted, or the ways in which his money is used. These omissions violate Plaintiff's Fourteenth Amendment right to due process.

5.      Because Defendants are deducting union dues or fees from Plaintiff's wages in violation of his constitutional rights, Plaintiff seeks injunctive and declaratory relief against all Defendants, as well as compensatory and nominal damages against UFCW Defendants, and attorneys' fees and costs pursuant to 42 U.S.C. § 1988. Plaintiff also seeks a declaration that the ongoing deductions lack any valid authorization, and thus violate his constitutional rights.

## JURISDICTION AND VENUE

6.      Plaintiff brings claims pursuant to 42 U.S.C. § 1983 for violations of his rights under the First and Fourteenth Amendments to the United States Constitution; the Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2202; and 42 U.S.C. § 1988.

7.      This Court has jurisdiction over the federal claims pursuant to 28 U.S.C. §§ 1331 and 1343. This action is an actual controversy in which Plaintiff seeks a declaration of his rights under the Constitution of the United States. Pursuant to 28 U.S.C. §§ 2201 and 2202, this Court may declare Plaintiff's rights and grant further necessary and proper relief, including injunctive relief pursuant to Federal Rule of Civil Procedure 65.

8.      Plaintiff also brings claims under Pennsylvania law and the Declaratory Judgment Act.

9.      This Court has supplemental jurisdiction over Plaintiff's Counts III, IV, and V arising under state law pursuant to 28 U.S.C. § 1367.

10.     Venue is proper under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district. *See* 28 U.S.C. § 118(a).

## PARTIES

11.     Plaintiff Allen Knabb is a "Public employe" under 43 P.S. § 1101.301(2) and a "Commonwealth employe" under 43 P.S. § 1101.301(15), is employed by the Commonwealth of

Pennsylvania as a Liquor Store Clerk, and is in a bargaining unit exclusively represented for purposes of collective bargaining by Local 1776 and UFCW Council.

12.     Defendant Local 1776 is an "Employe organization" under 43 P.S. § 1101.301(3) and "Representative" under 43 P.S. § 1101.301(4) for purposes of PERA. According to the collective bargaining agreement governing the terms and conditions of Plaintiff's employment ("CBA"), the Commonwealth entered into the CBA with Defendant UFCW Council "on behalf of" Defendant Local 1776. Local 1776 maintains a place of business at 3031-A Walton Road, Plymouth Meeting, Pennsylvania 19462, and conducts its business and operations throughout the Commonwealth of Pennsylvania, including the Eastern District of Pennsylvania.

13.     Defendant Wendell W. Young, IV is the President of Local 1776 and is sued in his individual and official capacities.

14.     Defendant UFCW Council is an "Employe organization" under 43 P.S. § 1101.301(3) and "Representative" under 43 P.S. § 1101.301(4), for the purposes of PERA. Pursuant to the CBA, UFCW Council represents certain Commonwealth employees, including Plaintiff, for purposes of collective bargaining with the Commonwealth, and on "behalf of" Defendant Local 1776. UFCW Council's principal office location is 3031-A Walton Road, Plymouth Meeting, Pennsylvania 19462, and conducts its business and operations throughout the Commonwealth of Pennsylvania, including the Eastern District of Pennsylvania.

15.     Defendant Michael Newsome is Secretary of the Office of Administration. Mr. Newsome negotiated, entered into, and is the signatory to, on behalf of the Commonwealth, the CBA. Mr. Newsome is sued in his official capacity.

16.     Defendant Brian T. Lyman, Chief Accounting Officer for the Commonwealth of Pennsylvania and Deputy Secretary for the Office of Comptroller Operations, is responsible for, among other duties, issuing wages to employees of the Commonwealth, including Plaintiff. He

oversees the payroll system for the Commonwealth, which includes processing union dues and other payroll deductions pursuant to the requirement of the CBA. He is sued in his official capacity.

## FACTUAL ALLEGATIONS

17.     PERA authorizes public employers and employee organizations and/or representatives to engage in bargaining relevant to membership dues deductions. 43 P.S. § 1101.705.

18.     PERA defines "membership dues deduction" as "the practice of a public employer to deduct from the wages of a public employe, with his written consent, an amount for the payment of his membership dues in an employe organization, which deduction is transmitted by the public employer to the employe organization." 43 P.S. § 1101.301(11).

19.     Acting in concert under color of state law, the Commonwealth and Defendant UFCW Council, "on behalf of" Defendant Local 1776, through their respective departments, offices, and officers, have entered into the CBA. A true and correct copy of the CBA is attached hereto as "Exhibit A" and incorporated by reference herein.

20.     The current CBA became effective on July 1, 2019, and ends June 30, 2023. Ex. A.

21.     The CBA contains a "Dues Deduction" article, which provides in relevant part:

> A. The Employer agrees to deduct an amount equal to dues and initiation fees from the wages of employees who have provided paper written authorization for such deductions. The Union shall certify to the Employer the amount of Union dues to be deducted biweekly, and an amount equal to dues at this rate shall be deducted for each biweekly pay period for which the employee is paid. An amount equal to dues shall also be deducted from back pay awards and from pay received to supplement workers' compensation to the extent monies are available after appropriate deductions are made.
> An employee's dues deduction authorization shall remain in effect until expressly revoked in writing by the employee in accordance with the terms of the authorization. When it is determined by the Union that an employee's payroll dues deductions should cease, the Union shall be responsible for notifying the Employer. Such notices shall be communicated in writing and shall include the effective date of the cessation of payroll dues deduction. The Employer shall rely on the information provided by the Union to cancel or change authorizations.

. . .

> D. The Employer shall furnish each new employee with a copy of this Agreement together with an authorization for dues payroll deduction, provided the Union has furnished the Employer with sufficient copies of the Agreement containing the authorization for dues payroll deduction.

Ex. A, art. 4.

22.     Thus, the terms of the CBA, to which Defendants agreed, limits a public employee's right to cease dues deductions by the Commonwealth and enables UFCW Defendants to create the terms of a dues deduction authorization.

23.     Further, Article 4, Section B of the CBA provides for the Commonwealth's part in the deduction of union dues.

24.     Under the CBA and Defendants' joint policies and practices, Commonwealth Defendants allow UFCW Defendants to determine when Commonwealth Defendants will allow an employee to end the deduction of dues from his wages.

25.     In late January 2020 or early February 2020, Plaintiff resigned his membership in Local 1776 and sought to end the deduction of union dues from his wages.

26.     A representative of Local 1776 told Plaintiff that his resignation would be processed.

27.     Shortly thereafter, UFCW Defendants sent Plaintiff a letter on the letterhead of the union's board, including Defendant Young, dated February 28, 2020, which stated:

> We received your request to discontinue your membership in UFCW Local 1776KS ("the Union") and revoke your dues deduction authorization. You are no longer a member of the Union, and as such, you will not be permitted to attend Union meetings, vote on your contract, or access certain members-only benefits.
>
> To stop dues deductions in accordance with the authorization you signed January 23, 2013, please send a dated, written request to the Union during your next upcoming revocation window, which is December 9, 2020-December 24, 2020.

A true and correct copy of the February 28, 2020 letter is attached hereto as "Exhibit B" and incorporated by reference herein.

28.    The February 28, 2020 letter referenced a Membership Application purportedly signed by Plaintiff on January 23, 2013, which states, in relevant part:

> I hereby voluntarily authorize my Employer to deduct from my wages the sum equivalent to my regular union membership dues and further direct said Employer to deduct any Initiation Fees and Assessments which are due and payable by me as a member of Local No. 1776 resulting out of action taken by the membership of the Local Union and/or the By-Laws of Local 1776 and the Constitution of the United Food and Commercial Workers International Association and remit same to the Union. I further direct that this authority is to become effective immediately, and after the present contract expiration date shall remain irrevocable for a period of one (1) year therefrom or to the expiration of said contract, whichever occurs sooner, and shall continue in full force and effect there after unless I give written notice to the company and the union by certified mail of my desire to terminate said authority at least thirty (30) days and not more than forty-five (45) days before any periodic renewal date of this authority.

A true and correct copy of the Membership Application is attached hereto as "Exhibit C" and incorporated by reference herein.

29.    On January 22, 2021, Plaintiff sent UFCW Defendants a letter again asserting his resignation from membership and revoking any authorization for the deduction of dues from his wages.

30.    Plaintiff also informed the Commonwealth that he no longer wishes to pay union dues or fees and that he has terminated his membership in Local 1776.

31.    On January 29, 2021, UFCW Defendants sent Plaintiff another letter on the letterhead of the union's board, including Defendant Young, stating that "we will be updating our records to reflect that you are no longer a member," that "review of the dues authorization card that you signed shows that you are not within your annual window period to revoke this [dues deduction] authorization," and that Plaintiff's "window to revoke the dues deduction authorization is from

December 9, 2021, until December 24, 2021." A true and correct copy of the January 29, 2021 letter is attached hereto as "Exhibit D" and incorporated by reference herein.

32.     On information and belief, Defendant Young personally claims to enforce limits on when union members can resign their union memberships.

33.     The Commonwealth has continued to deduct purported union dues from Plaintiff's wages from the date of Plaintiff's first resignation in late January 2020 or early February 2020 to the present.

34.     Defendants have taken and continue to take and have accepted and continue to accept purported union dues from Plaintiff's wages despite the fact that such seizure of purported union dues from his wages are against Plaintiff's will and without his consent.

35.     Defendants never asked Plaintiff to agree to pay money to UFCW Defendants as a nonmember, or to otherwise waive any constitutional rights, following his resignation from Local 1776 and/or its affiliates.

36.     Defendants neither informed Plaintiff of his constitutional right not to pay union dues as a nonmember, nor did they receive a waiver of his constitutional rights.

37.     Plaintiff objects to the compelled association with and financial subsidization of any activities of UFCW Defendants and their affiliates for any purpose.

38.     Defendants rely on the Membership Application for the ongoing deduction of dues from Plaintiff's wages, but this Application is not a valid authorization for the deduction of dues from Plaintiff's wages, nor does it contain the window period relied on by Defendants.

39.     On information and belief, UFCW Defendants and/or their affiliates use the financial support forcibly seized from Plaintiff for purposes of political speech and activity, among other purposes.

40.     Defendants, acting in concert under color of state law, have provided Plaintiff no meaningful notice or opportunity to object to the ongoing deductions, the process by which the money is deducted, or the ways in which his money is used.

## CLAIMS FOR RELIEF

### COUNT ONE
**First Amendment**
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

41.     Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

42.     The First and Fourteenth Amendments to the Constitution of the United States protect the associational, free speech, and free choice rights of United States citizens, and the Fourteenth Amendment to the Constitution of the United States incorporates the protections of the First Amendment against the states.

43.     The First Amendment requires that "[n]either an agency fee nor any other payment to the union may be deducted from a nonmember's wages, nor may any other attempt be made to collect such a payment, unless the employee affirmatively consents to pay." *Janus v. AFSCME, Council 31*, 138 S. Ct. 2448, 2486 (2018).

44.     Because Plaintiff is a nonmember employed in a bargaining unit represented exclusively for collective bargaining purposes by Local 1776 and UFCW Council and/or their affiliates, the First Amendment protects him from being forced to financially support or otherwise be associated with Local 1776 and UFCW Council.

45.     Because Plaintiff is a nonmember of Local 1776 and UFCW Council, the First Amendment protects him from having the Commonwealth Defendants deduct nonconsensual financial support for Local 1776 and UFCW Council from his wages.

9

46.     Although Plaintiff is not a member of Local 1776 and UFCW Council, Defendants, by and through their agents and officials, continue to seize and accept union dues or fees from Plaintiff's wages, violating his First and Fourteenth Amendment rights to free association, self-organization, assembly, petition, and freedoms of speech, thought, and conscience.

47.     Defendants' CBA, policies, and practices require Plaintiff, as a nonmember, to associate with and financially support the speech and activities of UFCW Defendants for an indefinite period of time, despite his stated objections.

48.     A valid waiver of constitutional rights requires clear and compelling evidence that the putative waiver was voluntary, knowing, and intelligent and that enforcement of the waiver is not against public policy. Defendants bear the burden of proving that these criteria are satisfied.

49.     Plaintiff never waived his constitutional right as a nonmember not to provide financial support via payroll deduction or other method to Local 1776 and UFCW Council.

50.     In addition, even under the authorization Defendants rely upon, dues are authorized only for payment "as a member." Therefore, Defendants are deducting dues without any valid or enforceable authorization, as well as without a constitutional waiver.

51.     UFCW Defendants are acting in concert and under color of state law with the Commonwealth of Pennsylvania, by and through its agents, including Defendant Lyman, to seize and/or accept deductions of union dues or fees from Plaintiff's wages.

52.     These forced payroll deductions violate Plaintiff's rights protected by the First and Fourteenth Amendments to the United States Constitution, and violate 42 U.S.C. § 1983 by causing him to provide financial support, including of the political activities and speech of UFCW Defendants, without his consent.

53.     Defendant Lyman is acting under color of state law in seizing union dues or fees from Plaintiff's wages via payroll deduction, in concert with UFCW Defendants and pursuant to

their joint policies and practices, the Membership Application, and the provisions of the CBA between them, despite Plaintiff's status as a nonmember of Local 1776 and UFCW Council and his revocation of his consent to payroll deductions of union dues or fees.

54.     Defendants, by deducting and collecting union dues or fees from Plaintiff via payroll deduction despite Plaintiff's revocation of consent to dues deductions, and without clear and compelling evidence that he has waived his constitutional rights, are depriving Plaintiff of his First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

55.     As a direct result of Defendants' concerted actions, taken pursuant to state law, their CBA, the "Membership Application," and their joint policies and practices, Plaintiff:

a.     is being prevented from exercising his rights and privileges as a citizen of the United States not to fund and support the agenda, activities, expenses, and speech of a private organization;

b.     is being deprived of his civil rights guaranteed under the Constitution and statutes of the United States;

c.     is in danger of suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law; and

d.     is suffering and has suffered monetary damages and other harm.

56.     If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgments of Plaintiff's constitutional rights, thereby causing him irreparable harm.

11

## COUNT TWO
### Due Process
(Violation of 42 U.S.C. § 1983 and
the Constitution of the United States)

57.     Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

58.     The Fourteenth Amendment to the Constitution of the United States guarantees due process to citizens facing deprivation of liberty or property by state actors. "At the core of procedural due process jurisprudence is the right to advance notice of significant deprivations of liberty or property and to a meaningful opportunity to be heard." *Abbot v. Latshaw*, 164 F.3d 141, 146 (3d Cir. 1998), *see also Mathews v. Eldridge*, 424 U.S. 319, 336 (1976).

59.     Additionally, public-sector unions and public employers have a responsibility to provide procedures that minimize constitutional impingement inherent in compelled association and speech and facilitate the protection of public employees' rights. *See Chi. Tchrs. Union, Loc. No. 1 v. Hudson*, 475 U.S. 292, 307 & n.20 (1986).

60.     Plaintiff has a property interest in his salary and wages, specifically the funds being deducted from his wages.

61.     Defendants have not implemented policies and procedures that are narrowly tailored to reduce the impingement on Plaintiff's constitutional rights, including, but not limited to, the constitutionally required procedures and disclosures regarding the use of union dues or fees taken from him, as recognized in *Hudson*.

62.     Defendants have not provided Plaintiff with notice of or meaningful opportunity to object to the continued seizure of a portion of his wages via payroll deductions by the Commonwealth Defendants for Local 1776 and UFCW Council or the use of his funds by UFCW Defendants.

12

63.     Defendants rely on their interpretation of the Membership Application and their enforcement of a purported "window period" to require Plaintiff to provide ongoing financial support to UFCW Defendants from his wages. However, that document does not authorize the deduction of dues from Plaintiff as a nonmember, nor does it contain the December 9 to December 24 window identified by Defendants.

64.     Plaintiff never waived his due process rights, including his right not to subsidize the speech and activities of UFCW Defendants or to be deprived of his property.

65.     As a direct result of Defendants' actions, Plaintiff:

a.     is being prevented from exercising his rights and privileges as a citizen of the United States and to disassociate from and no longer support the agenda, activities, speech, and expenses of a private organization which he objects to supporting;

b.     is being deprived of his civil rights guaranteed to him under the Constitution and statutes of the United States and has suffered monetary damages and other harm;

c.     is suffering irreparable harm, damage, and injury inherent in the violation of First and Fourteenth Amendment rights, for which there is no adequate remedy at law;

d.     is being and has been deprived of his property interest in his salary, specifically the union dues or fees being deducted from his wages; and

e.     is suffering and has suffered monetary damages and other harm.

66.     If not enjoined by this Court, Defendants and/or their agents will continue to effect the aforementioned deprivations and abridgements of Plaintiff's constitutional rights, thereby causing him irreparable harm.

## COUNT THREE
### Membership Application Unenforceable
(Declaratory Judgment)

67.     Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

68.     Defendants, in deducting and collecting union dues or fees from Plaintiff via payroll deduction without a valid or enforceable authorization, are depriving Plaintiff of his First Amendment rights.

69.     The Membership Application document upon which Defendants rely is unenforceable against Plaintiff.

70.     The Membership Application document does not contain the December 9 to December 24 window period Defendants rely upon.

71.     The Membership Application document purports to authorize dues deductions only for "member[s]" and, thus, does not authorize Defendants to deduct union dues from Plaintiff's wages while Plaintiff is a nonmember.

72.     The relevant portion of the Membership Agreement states that the dues are "payable by me *as a member* of Local No. 1776 resulting out of action taken by the membership . . ." (emphasis added).

73.     Thus, Plaintiff's authorization applied only to dues deducted from his wages as a "member" of Local 1776, not as a nonmember.

74.     UFCW Defendants have twice acknowledged, in their February 28, 2020 and January 29, 2021 letters, that Plaintiff is no longer a union member.

75.     Therefore, the provision requiring written notice "before any periodic renewal date of this authority" is applicable only to members and no longer applicable to Plaintiff.

76.     In addition, the Membership Application document is not an enforceable contract.

14

77.     "It is axiomatic that before a contract may be found, all of the essential elements of a contract must exist, including consideration." *Commonwealth Dep't of Transp. v. First Pa. Bank, N.A.*, 466 A.2d 753, 754 (Pa. Cmwlth. 1983).

78.     Defendants rely upon the Membership Application referenced by UFCW Defendants in their February 28, 2020 and January 29, 2021 letters to assert that Plaintiff could not end his dues deductions upon his resignation from Local 1776 and UFCW Council.

79.     That document is not an enforceable contract; to the contrary, it is nothing more than what it purports to be: an application.

80.     Under Pennsylvania law, applications are not contracts. *See Zayc v. John Hancock Mut. Life Ins. Co.*, 13 A.2d 34, 36 (Pa. 1940) ("An application for life insurance is not a contract. It is only a proposal to contract. . . . The payment of a premium when the application is signed does not bind the company.") (quotations and citations omitted).

81.     Plaintiff's submission of the Membership Application on around January 23, 2013, did not create a contract with Local 1776 and UFCW Council, the Commonwealth, or any other person or entity.

82.     Rather, Plaintiff's submission of the Membership Application, at most, constituted an offer to become a member of Local 1776 and UFCW Council.

83.     Any contractual terms pertaining to Plaintiff's membership in Local 1776 and UFCW Council would stem from the union's constitution and/or bylaws. *See, e.g., Constructors' Ass'n of W. Pa. v. Furman*, 67 A.2d 590, 591 (Pa. Super. 1949) ("The application was defendant's offer to become a member of the association under the terms of its bylaws; the acceptance of his offer formed a contract; and the bylaws by reference became the terms of the contract.").

84.     Accordingly, Local 1776 and UFCW Council may not rely upon the Membership Application to justify any continuation of dues deductions after Plaintiff submitted his resignation.

85.     Likewise, UFCW Defendants may not enforce the dues deduction authorization which accompanies the Membership Application.

86.     "A contract is formed when the parties to it 1) reach a mutual understanding, 2) exchange consideration, and 3) delineate the terms of their bargain with sufficient clarity." *Weavertown Transp. Leasing, Inc. v. Moran*, 834 A.2d 1169, 1172 (Pa. Super. 2003).

87.     "A contract is evidenced by a mutuality of obligation. A mutuality of obligation exists when both parties to the contract are required to perform their respective promises. If a mutuality of promises is absent, the contract is unenforceable. . . . If the promise is entirely optional with the promisor, it is said to be illusory and, therefore, lacking consideration and unenforceable." *Geisinger Clinic v. Di Cuccio*, 606 A.2d 509, 512 (Pa. Super. 1992) (citations omitted).

88.     The Membership Application, and its accompanying dues deduction authorization, is not an enforceable contract because it lacks consideration and mutuality of obligations.

89.     UFCW Defendants are not parties to the dues deduction authorization as it is merely an authorization to Plaintiff's employer for the deduction of union membership dues.

90.     UFCW Defendants are not bound in any way by the dues deduction authorization.

91.     The dues deduction authorization does not require UFCW Defendants to perform any actions, nor does it contemplate any future actions by UFCW Defendants.

92.     UFCW Defendants have not made any promises or offered any consideration for Plaintiff's authorization of dues deductions.

93.     Plaintiff gave his authorization "voluntarily," and it is nothing more than a gratuitous authorization which may be revoked at any time and for any or no reason whatsoever.

94.     UFCW Defendants may not enforce an agreement to which they are not bound.

95.     UFCW Defendants may not enforce an agreement as a contract where they have not provided any consideration.

96.    Defendants cannot enforce the Membership Application nor the accompanying dues deduction authorization.

97.    As a direct result of Defendants' actions, Plaintiff:

a.    is being prevented from exercising his rights and privileges as a citizen of the United States to disassociate from and no longer support the agenda and expenses of organizations that he never agreed to pay as a nonmember; and

b.    is being forced by Commonwealth Defendants to provide ongoing financial support from his wages to Local 1776 and UFCW Council—organizations that he does not wish to subsidize in *any* amount—without his consent, including any valid authorization for the deductions.

## COUNT FOUR
### Conversion
(Against only UFCW Defendants)

98.    Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

99.    "Conversion is defined as the deprivation of another's right of property in, or use or possession of, a chattel, or other interference therewith, without the owner's consent and without lawful justification." *Spector Gadon & Rosen, P.C. v. Rudinski, Orso & Lynch*, 231 A.3d 923, 925 (Pa. Super. 2020) (quoting *Bank of Landisburg v. Burruss*, 524 A.2d 896, 898 (Pa. Super. 1987)).

100.    Upon Plaintiff's resignation from Local 1776 and UFCW Council, he withdrew any consent or authorization for Defendants to deduct union dues from his wages.

101.    Furthermore, the Membership Application document purports to authorize dues deductions only for "member[s]" and, thus, does not authorize Defendants to deduct union dues from Plaintiff's wages while Plaintiff is a nonmember.

102.    Nevertheless, Defendants, acting in concert, have continued to deduct union dues from Plaintiff's wages without any consent or lawful justification.

103.    Defendants' taking of sums from Plaintiff's wages have deprived him of his right to possession and use of those monies.

104.    In sum, UFCW Defendants have unlawfully converted Plaintiff's property in the form of monies deducted from Plaintiff's wages since the time of his resignation from Local 1776 and UFCW Council.

**COUNT FIVE**
**Unjust Enrichment**
(Against only UFCW Defendants)

105.    Plaintiff re-alleges and incorporates by reference all allegations contained in the foregoing paragraphs of this Complaint as if fully set forth herein.

106.    Plaintiff conferred union dues deducted from his wages by or to Defendants even after he had resigned from Local 1776.

107.    UFCW Defendants, acting in concert with Commonwealth Defendants, accepted and have retained these union dues to which they were not entitled after Plaintiff resigned from Local 1776.

108.    UFCW Defendants defended their acceptance and retention of these union dues after Plaintiff resigned from UFCW based upon an unenforceable Membership Application and/or an erroneous interpretation of the Membership Application.

109.    Because Defendants had no legitimate justification for the taking of union dues from Plaintiff's wages after Plaintiff had resigned, it would be inequitable to allow UFCW Defendants to retain said dues.

110.     Unless UFCW Defendants are ordered to return Plaintiff's purported union dues which Defendants improperly retained, or to otherwise pay restitution to Plaintiff, then UFCW Defendants will continue to be unjustly enriched.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court order the following relief:

A.     **Declaratory:** A judgment based upon the actual, current, and *bona fide* controversy between the parties as to the legal relations among them, pursuant to 28 U.S.C. § 2201 and Federal Rule of Civil Procedure 57, declaring:

    i.     that any taking of union dues or fees from Plaintiff after he resigned his Local 1776 and UFCW Council membership and without proper constitutional notice and waiver violates his rights under the First and Fourteenth Amendments to the Constitution of the United States, and that any provisions in PERA, the CBA, the Membership Application, or any purported dues deduction authorizations that authorize such deductions of union dues or fees are unconstitutional;

    ii.     that the First and Fourteenth Amendments require Defendants to provide Plaintiff with constitutionally adequate notice and a meaningful opportunity to object to the nonconsensual monies being seized from him and the purposes for which the monies are used, including the notice and procedures required by *Hudson*; and,

    iii.     that the Membership Application which Defendants use to justify the continued deduction of dues from Plaintiff's wages is unenforceable.

B.     **Injunctive:** A permanent injunction requiring Defendants, their officers, employees, agents, attorneys, and all others acting in concert with them:

    i.     not to enforce the terms of the Membership Application or any purported dues deduction authorization against Plaintiff without proper constitutional notice and

waiver or to otherwise engage in conduct or enforce any provisions of PERA or the CBA declared unconstitutional under Part A;

ii.      not to collect any money from Plaintiff in the form of union dues or fees, through deductions from his wages or any other manner, or otherwise seek to enforce the terms of the Membership Application or any other purported dues deduction authorization; and,

iii.      to return to Plaintiff all funds converted by or unjustly realized by Defendants.

C.      **Monetary:** A judgment against UFCW Defendants awarding Plaintiff nominal and compensatory damages for the injuries sustained as a result of Defendants' unlawful interference with and deprivation of his constitutional and civil rights, and conversion and unjust enrichment, including, but not limited to, the amount of dues deducted from his wages since Plaintiff resigned his membership in Local 1776 and UFCW Council.

D.      **Attorneys' Fees and Costs:** A judgment awarding Plaintiff costs and reasonable attorneys' fees under 42 U.S.C. § 1988; and

E.      **Other:** Such other and further relief as the Court may deem just and proper.

Respectfully submitted,

THE FAIRNESS CENTER

Dated: September 29, 2021         *s/ Danielle R. Acker Susanj*
                                  Danielle R. Acker Susanj
                                  Pa. Attorney I.D. No. 316208
                                  E-mail: drasusanj@fairnesscenter.org
                                  Nathan J. McGrath
                                  Pa. Attorney I.D. No. 308845
                                  E-mail: njmcgrath@fairnesscenter.org
                                  Logan M. Hetherington
                                  Pa. Attorney I.D. No. 326048
                                  E-mail: lmhetherington@fairnesscenter.org
                                  500 North Third Street, Suite 600B

Harrisburg, Pennsylvania 17101
Phone: 844.293.1001
Facsimile: 717.307.3424

*Attorneys for Plaintiff*